Nos. 25-1018, 25-1019, 25-1024

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JEFFERSON GRIFFIN,

*Plaintiff-Appellee,*

*v.*

NORTH CAROLINA STATE BOARD OF ELECTIONS,

*Defendant-Appellant,*

and

ALLISON RIGGS, NORTH CAROLINA ALLIANCE FOR RETIRED
AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-
DURHAM, SARAH SMITH, AND JUANITA ANDERSON,

*Intervenor-Appellants.*

On Appeal from the United States District Court
for the Eastern District of North Carolina

## NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, VOTEVETS ACTION FUND, TANYA WEBSTER-DURHAM, SARAH SMITH, AND JUANITA ANDERSON'S RESPONSE TO MOTION TO DISMISS

NARENDRA K. GHOSH
PATTERSON HARKAVY LLP
100 EUROPA DRIVE, STE 420
CHAPEL HILL, NC 27217
(919) 942-5200

LALITHA D. MADDURI
CHRISTOPHER D. DODGE
TINA MENG MORRISON
JULIE ZUCKERBROD
JAMES J. PINCHAK
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE, N.W., STE 400
WASHINGTON, D.C. 20001
(202) 968-4490

## INTRODUCTION

Absent the North Carolina Supreme Court's stay order in the action underlying this appeal ("*Griffin I*"), the State Board of Elections would have certified the winner of the election for an associate justice's seat on the North Carolina Supreme Court nearly a month ago, *see* N.C. Gen. Stat. § 163-182.14(b), and in doing so counted the ballots of Voter Intervenors and tens of thousands of other North Carolinians whose ballots remain at risk. This case is not moot because the North Carolina Supreme Court continues to bar certification through a stay order granted *in this case* in response to a request made by Griffin in his petition underlying *this case*. Pet. Writ of Prohibition, *Griffin v. N.C. Bd. of Elections*, No. 320P24 (N.C. Dec. 18, 2024) ("Griffin Pet."). The North Carolina Supreme Court has thus asserted—and continues to assert—its equitable jurisdiction over the State Board through Griffin's original action for a writ of prohibition—the very same action now before this Court in this appeal. Griffin's suggestion of mootness is thus a non-starter because this Court retains the authority and jurisdiction to grant meaningful relief by clearing the way for the election to be certified.

To claim this case is moot, Griffin wrongly argues that the North Carolina Supreme Court did not enter a stay *in this case*, but rather only in the various actions now pending before the Wake County Superior Court and also on appeal before this Court. *See* Griffin's Mot. Dismiss at 8–9, Doc. 125 ("Mot."); *see also Griffin v. N.C. State Board of Elections*, Case No. 25-1020 (4th Cir.) ("*Griffin II*"). But nothing in the Supreme Court's January 22 order supports Griffin's argument—the Court simply maintained its own pre-existing stay *from this case*. *See* Order at 3, *Griffin v. N.C. Bd. of Elections*, No. 320P24 (N.C. Jan. 22, 2025) ("Order") ("the temporary stay allowed on 7 January 2025 shall remain in place . . ."). But, in any event, Griffin's effort to slice-and-dice proceedings—and to stymie timely and effective federal appellate review—reinforces the appropriatneess of consolidating this case with *Griffin II* to ensure timely relief from the district court's deeply flawed remand order.

## LEGAL STANDARD

When considering whether an appeal has become moot, courts must "reach a determination upon close consideration of the relief sought in light of the facts of the particular case." *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 841 F.2d 92, 96 (4th Cir. 1988). A

case "becomes moot only when it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 336 (4th Cir. 2021) (en banc) (similar). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172 (quoting *Knox*, 567 U.S. at 307–08). Accordingly, if there is *any* possibility for this Court to grant effective relief, the appeal is not moot and cannot be dismissed.

## ARGUMENT

## I.   This appeal is not moot.

### A.   The North Carolina Supreme Court continues to assert jurisdiction in Griffin's original action.

The North Carolina Supreme Court's ongoing assertion of jurisdiction to enjoin certification means that there is still a live dispute to "retrieve from the Supreme Court of North Carolina." Mot. at 7. It could not be otherwise: that court's imposition of a stay during the pendency of ongoing litigation is a clear and continuing exercise of its jurisdiction in Griffin's original action filed in that court. *E.g., Burnes v.*

*Scott*, 117 U.S. 582, 588 (1886) (observing that "injunctions [] granted to stay proceedings at law" arise under a court's "equity jurisdiction"); *Aronberg v. Walters*, 755 F.2d 1114, 1115 (4th Cir. 1985) (observing that courts may employ "equity jurisdiction" to "stay" harm pending litigation (citing *Sheehan v. Puralator Courier Corp.*, 676 F.2d 877, 885 (2d Cir.1982)); *cf.* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2943 (3d ed.) (observing that "traditional federal equity practice" includes "the historic federal judicial discretion to preserve the situation pending the outcome of a case lodged in the court").

Griffin's motion does not dispute that the stay order represents an assertion of jurisdiction or that Appellants here have a "concrete interest" in lifting the stay. He instead insists that the North Carolina Supreme Court is not exercising such authority *in this case*. *See* Mot. at 8–11. But Griffin seeks to make a distinction the North Carolina Supreme Court did not itself make—when that action returned to the Supreme Court on remand, that court ordered that "the temporary stay allowed on 7 January 2025 shall remain in place." Order at 3. In other words, that court's January 22 order preserves the stay granted in Griffin's original action—the action on appeal here. Griffin points to no request to the state

supreme court from the Wake County Superior Court litigation that could provide an alternative basis for the issuance of this ongoing stay. None exists—Griffin made only *one* request to the North Carolina Supreme Court for a stay of the certification deadline: in his petition at issue in *this case*. *See generally* Griffin Pet.

## B. This Court has authority to grant Appellants meaningful relief.

In view of the North Carolina Supreme Court's ongoing stay of certification in this case, relief plainly remains available to Appellants here, and the case is not moot. As previously explained, this Court can instruct the district court to reclaim the ongoing action from the North Carolina Supreme Court. *See, e.g.*, Doc. 53 at 18–20. Upon return of the action, any continued imposition of the stay against the State Board would require Griffin to satisfy the federal standard for a restraining order or preliminary injunction. *See* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738 (Rev. 4th ed.) (explaining "it has been settled by numerous cases that" a "removed case will be governed" by federal rules and federal law); *see generally* Fed. R. Civ. P. 65. Indeed, that is the precise relief Griffin sought from the district court prior to that court's improper and hasty remand. Mot. Prelim. Injun., *Griffin v. N.C. Bd. of*

5

*Elections*, No. 5:24-cv-00724-M (E.D.N.C. Dec. 23, 2024) (ECF Nos. 31, 32). Because Griffin cannot satisfy that standard—not least of all because he is unlikely to prevail on the merits—the district could (and should) "dissolve[] or modif[y]" the stay order, 28 U.S.C. § 1450, permitting certification to proceed and providing concrete relief to the Voter Intervenors and other parties. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 435 (1974) (concluding § 1450 permits federal courts to dissolve state court orders upon removal); *Graham Constr. Co. v. Daniel Group, Inc.*, No. 1:06CV352, 2006 WL 8448849, at *3 (M.D.N.C. Sept. 29, 2006) (dissolving state court restraining order for failure to satisfy Rule 65(b) upon removal to federal court).[1]

Further still, even if the North Carolina Supreme Court refused to return jurisdiction to the district court, this Court may—consistent with its past practice—order the district court "to exercise jurisdiction."

---

[1] The North Carolina Supreme Court's determination that a petition for a writ of prohibition is not a proper *state court* vehicle for the relief Griffin seeks is no impediment to federal jurisdiction. Once returned to federal court, Griffin's petition is for practical purposes treated as a "civil action." Fed. R. Civ. P. 2. Moreover, this Court or the district court may require Griffin to replead his petition as a federal civil complaint. *See* Fed. R. Civ. P. 81.

*Jamison v. Wiley*, 14 F.3d 222, 240 (4th Cir. 1994); *see also Cox v. Plan. Dist. I Cmty. Mental Health & Mental Retardation Servs. Bd.*, 669 F.2d 940, 943 (4th Cir. 1982) (after concluding abstention dismissal was improper, ordering district court to "reinstate [the cause] on its docket, and stay the action pending disposition of the state court proceedings"); *Kelser v. Anne Arundel Cnty. Dep't of Soc. Servs.*, 679 F.2d 1092, 1095 (4th Cir. 1982) (same). As Judge Heytens recognized during oral argument, granting such relief does not require any cooperation or independent action from the state courts.[2] And it would permit the federal courts to make clear that they intend to resolve the numerous unresolved federal issues raised in this litigation, notwithstanding any parallel action in state court.

Finally, this Court has authority under the All Writs Act to grant Appellants relief by issuing any "writ[] necessary or appropriate in aid of [its] jurisdiction[]." 28 U.S.C. § 1651(a); *see also id.* § 2283 (the Anti-Injunction Act does not preclude the issuance of injunctions "to stay

---

[2] *See* United States Court of Appeals for the Fourth Circuit, *Panel I (Red Courtroom) Oral Arguments – 3:30pm Monday 1/27/2025* at 1:39:15–1:40:15, YouTube (Jan. 27, 2024), https://www.youtube.com/live/EwhHQiHXpno.

proceedings in a State court . . . where necessary in aid of [federal court] jurisdiction"). Under these statutes, "[a]n injunction issued against parties to a state court proceeding is, for purposes of the Act, considered an injunction to stay the state court proceeding itself." *In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 224 (4th Cir. 2017). This Court plainly has authority under the All Writs Act and Anti-Injunction Act to issue the relief necessary to preserve federal jurisdiction, including by issuing an order requiring the North Carolina Supreme Court to return Griffin's original action to federal court. *See Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1013 (8th Cir. 2002).

## C.    Griffin's cited authority is irrelevant.

Griffin's cases in support of dismissal are clearly inapposite. In *Dudley-Barton v. Service Corporation International*, the Tenth Circuit dismissed the appeal as moot, but only because the state court's complete dismissal of the plaintiff's action meant there was "no meaningful dispute remaining between the parties," and the defendant had "no material interest in contesting the district court's remand order." 653 F.3d 1151, 1152–53 (10th Cir. 2011). But Griffin does not—and cannot—seriously contend that there is no longer a live controversy between himself and

8

the Appellants here. Unlike in *Dudley*, the North Carolina Supreme Court's ongoing stay continues to present a "meaningful dispute" because it is the only court-ordered relief preventing the State Board from counting Voter Intervenors' ballots and certifying the election. That fact also distinguishes *Eden, LLC v. Justice*, 36 F.4th 166, 170 (4th Cir. 2022), where the plaintiffs had already received the "precise relief" they wanted. In contrast, the ongoing stay stands directly in the way of the relief Appellants seek. The same goes for *Dupervil v. Alliance Health Operations, LLC*, No. 21-505, 2022 WL 3756009, at *1 (2d Cir. Aug. 1, 2022) and *Skiles v. CarePlus Health Plans, Inc.*, No. 14-14087-BB, 2015 WL 1801272, at *1 (11th Cir. Apr. 7, 2015), where there was no indication of any ongoing state-court injunctive relief affecting the parties during their appeal.

Similarly unpersuasive are Griffin's attempts to draw parallells between this appeal and appeals that became moot after preliminary injunctions "merged" with permenant relief. *See* Mot. at 10–11 (citing *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999); *Mayor of Baltimore v. Azar*, 973 F.3d 258, 295–96 (4th Cir. 2020) (en banc)). Though a wrongly issued preliminary injunction usually

9

becomes harmless error and moot where the movant is "ultimately successful in obtaining permanent injunctive relief," *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 464 (4th Cir. 2021), that has not happened here; the North Carolina Supreme Court's stay order has not "merged" with any other permenant relief in Griffin's favor because his unresolved challenges remain pending in Wake County Superior Court.

## II. This Court should consolidate this appeal with *Griffin II*.

Griffin's arguments for dismissal underscore why this appeal should be consolidated with the proceedings in *Griffin II*, which Griffin agrees contains a live dispute. Griffin spends much of his motion attempting to separate this appeal and *Griffin II* while ignoring that this Court and the district court have already recognized that the two cases are substantially identical. *See Griffin II*, Case No. 25-1020, Doc. 19 (recognizing case number 25-1020 does "not [raise] substantially distinct" issues from *Griffin I*); *Griffin v. N.C. State Bd. of Elections*, No. 5:24-cv-00731-BO (E.D.N.C. Jan. 6, 2025), ECF No. 24 (noting "the factual and legal subject matter of this action [*Griffin II*] is substantially identical" to *Griffin I*). Moreover, *Griffin II* is now fully briefed and ready for resolution in the wake of this Court's January 28 order in that appeal.

10

*See Griffin II*, Case No. 25-1020, Doc. 19. Consolidating these two appeals therefore would enable prompt adjudication of each.

Griffin likewise attempts to obscure the fact that the North Carolina Supreme Court is treating the two proceedings as one. Griffin's motion illustrates the point: there is no question at all that there is an ongoing dispute between Griffin and the Appellants—Griffin wongly seeks to obscure *where* that dispute currently exists in order to stymie federal appellate review. This Court should shortcircuit that formalistic shell game through consolidation. Because *Griffin I* and *Griffin II* contain virtually identical issues—both on the merits and with respect to the appeals of the remand orders in both cases—judicial economy favors consolidation to efficiently resolve the important federal issues at stake. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (when substantial overlap existed between two lawsuits, "the interests of judicial economy require[d] that the cases be consolidated"). And there is no dispute that live issues remain in *Griffin II*; Griffin concedes that "the parties have an ongoing dispute" regarding the flawed remand order at issue in *Griffin II*, Mot. at 8, and there is "a live dispute" in *Griffin II* "about the petitions for judicial review," *id.* at 10. Griffin's mootness

11

arguments are thus largely academic and cannot support his motion for

dismissal.

## CONCLUSION

For the foregoing reasons, Voter Intervenors request that the Court

deny the motion to dismiss.

February 3, 2025                 Respectfully submitted,

                                     /s/ *Lalitha D. Madduri*
                                     Lalitha D. Madduri
                                     Christopher D. Dodge
                                     Tina Meng Morrison
                                     Julie Zuckerbrod
                                     James J. Pinchak
                                     ELIAS LAW GROUP LLP
                                     250 Massachusetts Ave, N.W.
                                     Suite 400
                                     Washington, D.C. 20001
                                     Telephone: (202) 968-4490
                                     lmadduri@elias.law
                                     cdodge@elias.law
                                     tmengmorrison@elias.law
                                     jzuckerbrod@elias.law
                                     jpinchak@elias.law

                                     Narendra K. Ghosh
                                     N.C. Bar No. 37649
                                     PATTERSON HARKAVY LLP
                                     100 Europa Drive, Suite 420
                                     Chapel Hill, NC 27217
                                     Telephone: (919) 942-5200

nghosh@pathlaw.com

*Counsel for Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

13

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,370 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook.

Dated: February 3, 2025                     /s/ *Lalitha D. Madduri*
                                            Lalitha D. Madduri

                                            *Counsel for Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*

## CERTIFICATE OF SERVICE

On this 3rd day of February, 2025, I electronically filed the foregoing using the Court's appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri

*Counsel for Intervenor-Appellants the North Carolina Alliance for Retired Americans, VoteVets Action Fund, Tanya Webster-Durham, Sarah Smith, and Juanita Anderson*